UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT JOSEPH PERRY,

    Petitioner,

v.                                                                            CASE NO. 6:14-cv-262-Orl-31TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). Thereafter, Respondents filed a response to the petition for writ of habeas corpus and a supplemental response (Doc. Nos. 14 and 31). Petitioner filed a reply to the response (Doc. 16) and a supplemental reply (Doc. 34).

Petitioner alleges four claims for relief in his habeas petition. However, as discussed hereinafter, the Court finds the petition is untimely filed.

                                     **I.**      **PROCEDURAL HISTORY**

Petitioner was charged by information with burglary of a dwelling (Doc. 29-1 at 41). After a jury trial, Petitioner was convicted as charged (Doc. 29-2 at 15). The trial court sentenced Petitioner to a fifteen-year term of imprisonment. *Id.* 16-21. Petitioner appealed, and appellate counsel filed an *Anders*[1] brief and moved to withdraw from the

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

case (Doc. 29-4 at 115-125). The Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* on August 31, 2004. *Id.* at 156. Petitioner moved for rehearing, and the Fifth DCA denied the motion on October 12, 2004. *Id.* at 156-64. Mandate issued on October 29, 2004. *Id.* at 166.

On October 24, 2005,[2] Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. Nos. 29-4 at 169-76; 29-5 at 1-14). The trial court denied the motion on December 12, 2005 (Doc. 29-7 at 13-14). Petitioner appealed, and on May 16, 2006, the Fifth DCA affirmed *per curiam* (Doc. 29-8 at 6). Mandate issued on August 7, 2006 (Doc. 29-9 at 26).

On September 14, 2006, Petitioner filed a motion for extension of time to seek post-conviction relief. *Id.* at 109-32. The trial court granted the motion on October 18, 2006 (Doc. 29-10 at 60). On December 13, 2006, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. *Id.* at 61-82. Petitioner moved to amend his Rule 3.850 motion on January 18, 2007, and the trial court denied the motion on February 5, 2007 (Doc. Nos. 29-10 at 166-77; 29-11 at 56). Petitioner filed an interlocutory appeal, which was dismissed by the Fifth DCA on July 27, 2007

---

[2] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

(Doc. Nos. 29-13 at 125, 133-58; 29-18 at 59). Petitioner moved for rehearing, and the Fifth DCA denied rehearing on September 28, 2007. *Id.* at 69.

Subsequently, the trial court entered an interim order on Petitioner's Rule 3.850 motion on August 26, 2011,[3] in which it scheduled an evidentiary hearing on one of Petitioner's claims and denied the other claims (Doc. 29-11 at 92-94). After holding an evidentiary hearing (Doc. 29-9), the trial court denied Petitioner's remaining claim on November 18, 2011 (Doc. Nos. 29-9 at 29-108; 29-12 at 49-50). Petitioner appealed, and the Fifth DCA affirmed *per curiam* on May 21, 2013 (Doc. 29-19 at 16). Mandate issued on July 9, 2013. *Id.* at 25.

While Petitioner's Rule 3.850 motion was pending, he filed a petition for writ of habeas corpus with the Fifth DCA on October 30, 2006, in which he alleged several claims of ineffective assistance of appellate counsel (Doc. Nos. 29-19 at 27-102; 29-20 at 1-12). The Fifth DCA dismissed the petition without prejudice on December 18, 2006 (Doc. 29-26 at 52). Petitioner moved for rehearing, and the Fifth DCA granted the motion, withdrew its order dismissing the petition, and directed the petition to be served. *Id.* at 54-66). After allowing Petitioner to amend the petition, the Fifth DCA denied the petition without discussion on August 22, 2007 (Doc. Nos. 29-26 at 74-130; 29-27 at 1-17; 29-33 at 40). The Fifth DCA also denied rehearing on October 1, 2007 (Doc. 29-33 at 61).

Petitioner also filed several petitions with the Supreme Court of Florida and the

---

[3] It is unclear why there was no action in state court between September 2007 and August 2011.

3

United States while his Rule 3.850 motion was pending, all of which were denied (Doc. Nos. 29-33 at 63-127; 29-34 through 29-50). Petitioner filed his federal habeas petition on February 12, 2014 (Doc. 1).

## II. TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its order denying rehearing

on October 12, 2004. Petitioner's conviction became final ninety days later, or on January 10, 2005. *See* Sup. Ct. R. 13(3) (stating the time to file a petition for writ of certiorari runs from the date of entry of judgment or denial of rehearing and not the date mandate is issued); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding the petitioner's conviction became final 90 days after the Supreme Court of Florida denied his motion for rehearing). Thus, under § 2244(d)(1)(A), Petitioner had through January 10, 2006, absent any tolling, to file a federal habeas petition.

Pursuant to § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.800(a) motion on October 24, 2005. A total of 287 days of the one-year limitations period elapsed before Petitioner filed this motion. The limitations period was tolled from October 24, 2005, through August 7, 2006, the date the mandate issued on appeal. Petitioner had 78 days of the one-year period remaining, or until October 24, 2006, to file his federal habeas petition.

Petitioner filed a motion for extension of time to file his Rule 3.850 motion on September 14, 2006. However, this motion was not a properly filed application for state post-conviction relief pursuant to *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). *See Howell v. Crosby*, 415 F.3d 1250, 1251 (11th Cir. 2005) (holding a motion for extension of time to file a post-conviction motion is not a properly filed application for post-conviction relief). Thus, the motion did not toll the one-year limitations period, and the limitations period expired on

5

October 24, 2006. Consequently, Petitioner's federal habeas petition is untimely.[4]

The Court is aware that Petitioner filed additional post-conviction motions in the state court. However, because the one-year period expired before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner argues that one-year period should be tolled pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (Doc. 13 at 3). Petitioner's reliance on *Martinez* is misplaced. *Martinez* considered "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Id.* at 1313. The Eleventh Circuit has held that *Martinez* does not provide a basis for equitably tolling the AEDPA's statute of limitations. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 946

---

[4] Alternatively, even if the Court tolled the time during which Petitioner sought an extension of time and the time during which his Rule 3.850 proceedings were pending, from September 14, 2006, through July 9, 2013, the petition is still untimely. Petitioner had 78 days remaining of the limitations period, or until September 25, 2013, to file his federal habeas petition. The federal petition was filed on February 12, 2014, and is untimely. Although Petitioner filed other post-conviction motions in the state court, those motions all concluded before Petitioner's Rule 3.850 proceedings became final, therefore, they did not further toll the one-year period.

(11th. Cir. 2014); *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014). Consequently, Petitioner is not entitled to equitable tolling on this basis.

Petitioner also alleges that he is entitled to equitable tolling because he is *pro se*, has limited knowledge of the law, lacked legal resources and access to the law library, lacked the proper education to prosecute his claims, and was given incorrect advice by an inmate law clerk (Doc. Nos. 1 at 19-20; 16 at 9-12). In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court of the United States held that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Factors such as a lack of access to a law library, lack of legal papers, ignorance of the law, lack of education, and *pro se* status are not considered extraordinary circumstances that would excuse an untimely habeas petition. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (lack of access to legal documents does not amount to an extraordinary circumstance); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (holding that while the petitioner's lack of education may have delayed his efforts to seek post-conviction relief, his procedural ignorance does not excuse untimely filing). Additionally, incorrect advice from an inmate law clerk or paralegal is insufficient to

establish an extraordinary circumstance. *See Cardona v. Sec'y, Dep't of Corr.*, No. 8:13-cv-2119-T-33, 2015 WL 1880765, at *3 (M.D. Fla. Apr. 24, 2015); *Leftwich v. Sec'y, Dep't of Corr.*, No. 3:10-cv-424-J-37MCR, 2011 WL 4947531, at *3 (M.D. Fla. Oct. 17, 2011). Consequently, Petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period.[5]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

### IV.   CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)

---

[5] Additionally, Petitioner's claims that post-conviction counsel Littell acted deficiently during his post-conviction proceedings do not warrant equitable tolling (Doc. 16 at 16-17). The Eleventh Circuit has held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstances for purposes of equitably tolling; abandonment of the attorney-client relationship, such as may have occurred in *Holland*, is required." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014). Petitioner has not shown that his post-conviction counsel abandoned the attorney-client relationship.

or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Robert Joseph Perry (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment for Respondents and thereafter close this case.

3. Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this 28th day of January, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/28
Counsel of Record
Robert Joseph Perry